IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NATHANIEL JONES, III | § | |
| VS. | § | CIVIL ACTION NO. 9:26cv501 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Nathaniel Jones, III, an inmate confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, located in Huntsville, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Discussion

On September 10, 2010, in the 228th District Court for Harris County, Texas, petitioner was convicted of Murder and Aggravated Assault with a Deadly Weapon.  Petitioner was sentenced to a term of imprisonment for forty-five years in the Texas Department of Criminal Justice, Correctional Institutions Division.  Petitioner brings this petition contesting his conviction and sentence asserting that he was denied the effective assistance of counsel as well as procedural violations during the trial.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted.  Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Estelle Unit located in Huntsville, Texas.  Additionally, petitioner was convicted and sentenced in Harris County, Texas.  Pursuant to 28 U.S.C § 124, Harris County is in the Houston Division of the Southern District of Texas.

Petitioner is currently confined in Walker County, Texas which lies within the jurisdictional boundaries of the United States District Court for the Southern District of Texas.  Additionally, petitioner was convicted in Harris County, Texas which is also located in the Southern District.  Therefore, this court has no jurisdictional basis to entertain this petition.

When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

For the reasons set forth above, this case should be transferred to the Houston Division of the United States District Court for the Southern District of Texas.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 13th day of July, 2026.

_____

Zack Hawthorn
United States Magistrate Judge